FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 6 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BRANDON ROONEY, Individually and**                         **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                              No. 4:18-cv-534 - JM

**KIMBERLY-CLARK CORPORATION**                          **DEFENDANT**

This case assigned to District Judge _Moody_
and to Magistrate Judge _Harris_

## ORIGINAL COMPLAINT—CLASS AND COLLECTIVE ACTION

COMES NOW Plaintiff Brandon Rooney ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Sean Short, Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Class and Collective Action against Defendant Kimberly-Clark Corporation ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I.     PRELIMINARY STATEMENTS

1.     This is a class and collective action brought by Plaintiff Brandon Rooney, individually and on behalf of all other hourly-paid workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of

Defendant's failure to pay Plaintiff and other hourly-paid workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

6. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

7. The acts complained of herein were committed and had their principal effect within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

8. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

9. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

10. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.    THE PARTIES

11.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.    Plaintiff is a resident and citizen of Pulaski County.

13.    Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

14.    At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

15.    Defendant is a foreign for-profit corporation, registered and licensed to do business in the State of Arkansas.

16.    Defendant's registered agent for service of process in Arkansas is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

17.    Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

18.    Defendant is an American corporation that produces mostly paper-based consumer products.

19.    Defendant operates manufacturing facilities worldwide, including two facilities in Arkansas, and has one corporate headquarters that centralizes all pay, time and human resource policies so that they are the same across all United States facilities.

20.    Defendant's two Arkansas facilities are located in Conway and Maumelle.

21.    During the time period relevant to this case, Plaintiff was employed at Defendant's manufacturing facility in Maumelle.

22.    Defendant's incentive pay policy described *infra* is the same at both the Conway and Maumelle facilities.

23.    Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to manufacture paper products, machinery and tools.

24.    Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

## IV.    FACTUAL ALLEGATIONS

25.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

26.    During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid employee.

27.    Plaintiff and other hourly-paid workers regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

28.    Plaintiff and other hourly-paid workers were classified as hourly employees and paid an hourly rate.

29.    Plaintiff and other hourly-paid workers also received non-discretionary incentive pay.

30.     Defendant established set safety and quality criteria known as a "Safety Gate" and a "Quality Gate." When Plaintiff and any hourly-paid worker completed all of the criteria required to "pass through the gate," they received the money available on a prepaid debit card.

31.     In addition, Defendant paid Plaintiff and other hourly-paid workers one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

32.     However, Defendant did not include the incentive pay that was paid to Plaintiff and other hourly-paid workers in their regular rates when calculating their overtime pay.

33.     Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses, such as shift and hour-based premiums, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

34.     Defendant violated the FLSA and AMWA by not including the non-discretionary bonuses of Plaintiff and other hourly-paid workers in their regular rate when calculating their overtime pay.

35.     Plaintiff worked for Defendant at Defendant's facility in Maumelle (hereinafter the "Maumelle facility") and Defendant's pay practices were the same for all hourly workers at the Maumelle facility.

36.     The pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's U.S. facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

37.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and other hourly-paid workers violated the FLSA and AMWA.

38.     Defendant's hourly-paid workers were classic manual laborers, working with machinery and equipment to produce Defendant's products in a factory setting.

## V.      REPRESENTATIVE ACTION ALLEGATIONS

### A.      FLSA § 216(b) Class

39.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

40.     Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

41.     Plaintiff brings his FLSA claims on behalf of all hourly-paid workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A.      Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.      Liquidated damages; and

C.      Attorneys' fees and costs.

42.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Class and Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

43.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.      They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.      They were paid hourly rates;

C.      They received non-discretionary incentive pay;

D.      They recorded their time in the same manner; and

E.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

44.      Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 500 persons.

45.      Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## B.      AMWA Rule 23 Class

46.      Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47. Plaintiff proposes to represent the class of hourly-paid workers who are/were employed by Defendant within the relevant time period within the State of Arkansas.

48. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to include non-discretionary incentive pay in its calculation of overtime pay, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

49. Common questions of law and fact predominate over any questions affecting only the individual named Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

50. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

51. Plaintiff is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 500 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

52.     At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

53.     Concentrating the litigation in this forum is highly desirable because Defendant's Maumelle facility is based in the Eastern District of Arkansas and because Plaintiff and all proposed class members work or worked in Arkansas.

54.     No difficulties are likely to be encountered in the management of this class action.

55.     The claims of Plaintiff are typical of the claims of the proposed class in that Plaintiff worked as hourly employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

56.     Plaintiff and his counsel will fairly and adequately protect the interests of the class.

57.     Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

58.     Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI.    FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

56.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

57.    29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

58.    Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff in his regular rate when calculating his overtime pay.

59.    Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

60.    By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

61.    Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

62.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

63.    Plaintiff brings this collective action on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and

members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty (40) each week.

64.     Plaintiff brings this action on behalf of himself individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

65.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

66.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

67.     In the past three years, Defendant has employed hundreds of hourly-paid workers.

68.     Like Plaintiff, these hourly-paid workers regularly worked more than forty (40) hours in a week.

69.     Defendant failed to pay these workers at the proper overtime rate.

70.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly employee within the three years preceding the filing of the Complaint to whom Defendant paid a non-discretionary bonus pursuant to its Safety Gate and/or Quality Gate incentive plan for at least one week in which the employee worked more than forty hours.**

71.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

74.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

75.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

76.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

77.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

78.     Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

79.     Defendant's failure to include non-discretionary bonuses in Plaintiff's overtime pay resulted in a failure to pay Plaintiff full and complete overtime during weeks in which Plaintiff worked more than forty (40) hours.

80.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

81.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

82.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

83.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

84.     Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

85.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

86.     Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40)

hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. §
213 and accompanying Department of Labor regulations.

87.     Defendant failed to pay Plaintiff and members of the proposed class all
overtime wages owed, as required under the AMWA.

88.     Defendant's failure to include non-discretionary bonuses in Plaintiff and
members of the proposed class's overtime pay resulted in a failure to pay Plaintiff and
members of the proposed class full and complete overtime during weeks in which Plaintiff
and members of the proposed class worked more than forty (40) hours.

89.     Plaintiff proposes to represent a class of individuals who are owed overtime
wages and other damages for the same reasons as Plaintiff, which may be defined as
follows:

> **Each hourly employee in Arkansas within the three years preceding the filing of the Complaint to whom Defendant paid a non-discretionary bonus pursuant to its Safety Gate and/or Quality Gate incentive plan for at least one week in which the employee worked more than forty hours.**

90.     Defendant's conduct and practices, as described above, were willful,
intentional, unreasonable, arbitrary and in bad faith.

91.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff
and the proposed class for monetary damages, liquidated damages, costs, and a
reasonable attorney's fee provided by the AMWA for all violations which occurred within
the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

92.     Alternatively, should the Court find that Defendant acted in good faith in
failing to pay Plaintiff and members of the proposed class as provided by the AMWA,

Plaintiff and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## XI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Brandon Rooney respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)    That Defendant be required to account to Plaintiff, the class and collective members, and the Court for all of the hours worked by Plaintiff and the class and collective members and all monies paid to them;

(B)    A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(C)    A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)    Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)    Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(F)    Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)    Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount

equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations; in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendant to pay Plaintiff and members of the class and collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**BRANDON ROONEY,**
**Individually and on Behalf of**
**All Others Similarly Situated,**
**PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040


Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com


Chris Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com


Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**BRANDON ROONEY, Individually and**                                    **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

VS.                                        No. 4:18-cv-_____

**KIMBERLY-CLARK CORPORATION**                                  **DEFENDANT**

## <u>CONSENT TO JOIN COLLECTIVE ACTION</u>

I am/was employed as an hourly employee for Kimberly-Clark Corporation within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for overtime compensation and other relief. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: *brandon rooney*
_____
**BRANDON ROONEY**

Date: August 13, 2018