# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF CLAIMS

This Confidential Settlement Agreement and Full and Final Release of Claims ("**Agreement**") is made and entered into between Brandon Rooney ("**Employee**") and Kimberly-Clark Corporation ("**Kimberly-Clark**").

1. **SETTLEMENT**. Employee and Kimberly-Clark wish to settle, fully and finally, all differences and disputes between them, including but not limited to those raised in the complaint Employee filed against Kimberly-Clark in the United States District Court for the Eastern District of Arkansas (the "**Court**") captioned as *Brandon Rooney v. Kimberly-Clark Corporation* and assigned Case No. 4:18-cv-534-JM (together, the "**Pending Action**").

2. **CONSIDERATION**. In consideration of Employee's decision to enter into this Agreement and commitments hereunder, following the Court's approval of the parties' settlement, Kimberly-Clark will provide Employee with the following:

    (a)    Pay to Employee or Employee's attorney the total pre-tax amount of Twenty-Five Thousand and 00/100 Dollars ($25,000.00) apportioned as follows:

        (i)    Ten Thousand Four Hundred Seventy Dollars ($10,470.00) by check or checks made payable to Employee's attorney, the Sanford Law Firm, PLLC (Tax Id No. 94-3424062), and reported to the Internal Revenue Service ("**IRS**") on an IRS form 1099-MISC as required by law for the payment of any and all claims of litigation expenses and/or attorneys' fees; and

        (ii)    Fourteen Thousand Five Hundred Thirty Dollars ($14,530.00) by check or checks made payable to Brandon Rooney and reported to the IRS on an IRS form W-2, representing full and complete settlement of any claims for unpaid compensation and subject to all applicable withholdings.

    (b)    Employee agrees that, other than the employer portion of payroll taxes due on the payment described in Paragraph 2(a)(ii), above, he and his counsel, the Sanford Law Firm, PLLC, will be solely and entirely responsible for the payment of any federal, state, or local taxes or assessments found to be due upon the amounts paid as set forth in Paragraph 2(a), and that Employee will hold harmless and indemnify Kimberly-Clark and the Released Parties, as defined below, against any claim for any such taxes, assessments, or related interest or penalties.

    (c)    The payments set forth in Paragraph 2(a) will be delivered as follows:

        (i)    (i) payments totaling a pre-tax amount of Fifteen Thousand and 00/100 Dollars ($15,000.00) apportioned as Six Thousand Four Hundred Seventy Dollars ($6,470.00) to Employee's attorney and Eight Thousand Five Hundred

Thirty Dollars ($8,530.00) to Employee within thirty (30) days following the Court's approval of the parties' settlement as reflected in this Agreement; and

(ii)    (ii) a pre-tax amount of Ten Thousand and 00/100 Dollars ($10,000) apportioned as Four Thousand Dollars ($4,000.00) to Employee's attorney and Six Thousand Dollars ($6,000.00) to Employee within thirty (30) days following the six-month anniversary of the Effective Date of this Agreement, provided there has been no violation by Employee of its terms.

3.    **EMPLOYEE'S RESIGNATION FROM EMPLOYMENT**.  Employee hereby tenders, and Kimberly-Clark accepts, Employee's resignation from employment with Kimberly Clark effective upon the Effective Date of this Agreement.  Following such resignation, Employee shall have no right or expectation of reinstatement or reemployment with Kimberly-Clark.

4.    **DISMISSAL OF PENDING ACTION**.  As a material inducement to Kimberly-Clark to enter into this Agreement, Employee agrees to take all actions necessary to dismiss *with prejudice* the Pending Action.  In furtherance of such dismissal, Employee agrees that: (a) simultaneous with his execution of this Agreement, he will execute (i) a Joint Motion to Dismiss with Prejudice in a form acceptable to Kimberly-Clark and (ii) a Joint Motion to Approve Settlement and a Joint Motion to Seal the unredacted copy of this Agreement to be filed with the Joint Motion to Approve Settlement in forms to be provided by Kimberly-Clark; and (b) Employee or his counsel will file the Joint Motion to Dismiss with Prejudice within seven (7) business days following the Court's approval of the parties' settlement as reflected in this Agreement.

5.    **FULL AND FINAL RELEASE**.  In consideration of the payments being provided to Employee and Employee's attorney above, Employee, for himself and his attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever releases and discharges Kimberly-Clark and its parent, subsidiary, related and affiliated companies, as well as its and their successors, assigns, and its and their respective current and former officers, owners, directors, managers, members, partners, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as the *"**Released Parties**"*), of and from all claims, demands, actions, causes of action, suits, grievances, damages, losses, and expenses, whether known or unknown, of any and every nature whatsoever, as a result of actions or omissions occurring through the date he signs this Agreement.

Specifically included in this waiver and release are, among other things, any and all claims that were included or could have been included in the Pending Action.  This release includes, without limitation, any and all claims for unpaid compensation, claims of alleged employment discrimination (whether as a result of the terms and conditions of Employee's employment, the separation of Employee's employment, or otherwise), any claims under any severance pay plan by the Released Parties, and any claims under any applicable cooperative, collective bargaining or labor agreement.

2

This release further includes, among other things, any and all claims under the Age Discrimination in Employment Act ("*ADEA*"), the Rehabilitation Act of 1973, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, the Americans with Disabilities Act, the Worker Adjustment and Retraining Notification Act, the Uniformed Services Employment and Reemployment Rights Act, the Ledbetter Fair Pay Act, the Genetic Information Nondiscrimination Act of 2008, the Internal Revenue Code, the U.S. tax code, the Employee Retirement Income Security Act, and any other federal, state or local statute, rule, ordinance, or regulation, as well as any claims for alleged wrongful discharge, negligent or intentional infliction of emotional distress, breach of contract, fraud, defamation, or any other unlawful behavior, the existence of which is specifically denied by the Released Parties.

Nothing in this Agreement is intended to waive any vested right that Employee may have with respect to any pension or other retirement benefits to which Employee is or will be entitled by virtue of Employee's employment with Kimberly-Clark, and nothing in this Agreement shall prohibit Employee from enforcing such rights.  In addition, the above release does not waive:  (a) any rights or claims that may arise after the date on which Employee executes this Agreement; (b) any rights or claims that cannot lawfully be released under applicable law, including, but not limited to, unemployment benefits and workers' compensation claims; or (c) Employee's ability to receive an award from or by any federal, state or local agency (collectively, "Governmental Agencies") for providing information to such Governmental Agencies.   Notwithstanding the foregoing, to the maximum extent permitted by law, Employee waives Employee's right to recover monetary or other damages as a result of any agency charge or lawsuit filed by Employee or by anyone else on Employee's behalf, including a class or collection action, whether or not Employee is named in such proceeding.

6.    **NON-INTERFERENCE**.   Nothing in this Agreement shall be construed to prohibit Employee from filing an agency charge or participating in any investigation or proceeding before any federal, state, or local governmental agency, including, but not limited to, the EEOC, the National Labor Relations Board, the Occupational Safety and Health Administration, and the Securities and Exchange Commission.  In addition, nothing in this Agreement is intended to or shall prevent, impede or interfere with Employee's non-waivable right, without prior notice to Kimberly-Clark, to provide information and documents to Governmental Agencies, participate in investigations, file a complaint, testify in proceedings or otherwise engage in activities protected under whistleblower laws.

7.    **IMMUNITY FROM LIABILITY FOR CONFIDENTIAL DISCLOSURE OF A TRADE SECRET TO THE GOVERNMENT OR IN A COURT FILING**.  Employee is hereby notified in accordance with the Defend Trade Secrets Act of 2016 that:

(a)    Employee will not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that:

(i)    is made: (1) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (2) solely for the purpose of reporting or investigating a suspected violation of law; or

     (ii)     is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal.

  (b)     If Employee files a lawsuit for retaliation against the Released Parties for reporting a suspected violation of law, Employee may disclose the Released Parties' trade secrets to Employee's attorney and use the trade secret information in the court proceeding if Employee:

     (i)     files any document containing the trade secret under seal, and

     (ii)     does not disclose the trade secret, except pursuant to court order.

Nothing in this Agreement or any Kimberly-Clark policy is intended to conflict with this statutory protection, and no Kimberly-Clark director, officer, or member of management has the authority to impose any rule to the contrary.

    8.    **NO OTHER CLAIMS**.  Employee understands that Employee is releasing claims about which Employee may not know anything at the time Employee executes this Agreement.  Employee represents and warrants that: (a) other than the Pending Action, there are no other pending claims, lawsuits, agency charges, grievances, or causes of action of any kind filed by Employee or on Employee's behalf against the Released Parties; (b) to the best of the Employee's knowledge, Employee possesses no claims, lawsuits, agency charges, grievances, or causes of action against the Released Parties (including Fair Labor Standards Act (FLSA) and worker's compensation claims) that Employee has not already disclosed to the Released Parties; (c) apart from Employee's claims in the Pending Action being resolved by this Agreement, Employee has received any and all compensation (including overtime compensation), meal periods, and rest periods to which Employee may have been entitled, and Employee is not currently aware of any facts or circumstances constituting a violation by the Released Parties of the FLSA or other applicable wage, hour, meal period, and/or rest period laws that Employee has not already disclosed to the Released Parties; (d) Employee has not suffered any work-related injury or illness within the twelve (12) months preceding Employee's execution of this Agreement, and Employee is not currently aware of any facts or circumstances that would give rise to a worker's compensation claim against the Released Parties that Employee has not already disclosed to the Released Parties; and (e) Employee is not entitled to any recovery (including, without limitation, reinstatement of employment, back pay, and/or other benefits) under any applicable cooperative, collective bargaining, or labor agreement.

    9.    **ACKNOWLEDGMENTS**.  Employee acknowledges, understands, and agrees that this Agreement fully resolves any claims Employee may have in connection with compensation for all hours worked and all compensation or bonuses which have been earned through the date of execution of this Agreement.  Employee further acknowledges, understands, and agrees that Employee has been notified of Employee's rights under the FMLA and applicable state leave laws. Employee further acknowledges, understands, and agrees that Kimberly-Clark has no further obligations, legal, equitable, or otherwise, to Employee pursuant to the FMLA and/or applicable state leave laws.

    10.    **NO ASSIGNMENT OF CLAIMS**.  Employee represents that Employee and no other person acting on Employee's behalf has ever sold, assigned, transferred,

conveyed, or otherwise disposed of all or any part of the claims released herein to any third party, including, but not limited to, any creditor or trustee of a bankruptcy estate.

11.   **NON-DISPARAGEMENT**.  Employee agrees that Employee will not make any defamatory or maliciously statements regarding, or any statements that are disparaging of, inimical to, or damaging to the reputation of, any Released Parties to any current, former or prospective employees, customers or suppliers or to the media, whether verbal or written, including on social media or through any other medium.  Nothing in this Agreement shall be deemed to preclude Employee from providing truthful testimony or information pursuant to subpoena, court order, or similar legal process, or from providing truthful information to Governmental Agencies.

12.   **NO HARM**.  Employee promises that he and any agent acting on his behalf or at his direction shall not, directly or indirectly, initiate, assist, or facilitate in any way any efforts of any type that may reasonably be expected, directly or indirectly, to harm Kimberly-Clark's business or reputation or the business or reputation of any Released Party.

13.   **NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT**.   This Agreement shall not be construed as an admission by the Released Parties of any liability or acts of wrongdoing or discrimination, nor shall it be considered to be evidence of such liability, wrongdoing, or discrimination.

14.   **CONFIDENTIALITY**.  The terms of this Agreement are strictly confidential and they have not been and shall not be disclosed by Employee at any time to any person other than Employee's attorney, Employee's accountant, Employee's immediate family, or Governmental Agencies, without the prior written consent of Kimberly-Clark's General Counsel, except as necessary in any legal proceedings directly related to the provisions and terms of this Agreement, to prepare and file income tax forms, or pursuant to court order after reasonable notice to Kimberly-Clark's General Counsel.

15.   **NO ENCOURAGEMENT OR FACILITATION OF CLAIMS**.   Employee promises that he shall not, in any manner, directly or indirectly, prompt, encourage, or assist any person to assert or pursue a claim for relief against Kimberly-Clark except to the extent this promise is prohibited by law.  Notwithstanding the foregoing, Employee shall not violate this obligation by merely responding truthfully to a lawful court order or subpoena, provided:

    (a)   he did not, in any way, directly or indirectly prompt, encourage, or facilitate the preparation or issuance of such subpoena or order; and

    (b)   he gives notice to the General Counsel of Kimberly-Clark as soon as possible upon receipt of such subpoena or order (and in no event later than five (5) business days after receipt) and provides reasonable cooperation with Kimberly-Clark in any effort by Kimberly-Clark to quash or otherwise oppose the subpoena or order.

16.   **DAMAGES FOR VIOLATION BY EMPLOYEE**.  Employee acknowledges that: (i) Employee's non-disparagement and confidentiality promise in Sections 11, 12, 14, and 15 of this Agreement are material inducements for Kimberly-Clark to settle, and; (ii)

Kimberly-Clark would be damaged if Employee breached any of those promises in an amount that would be impossible to fully quantify. Accordingly, if Employee breaches any provision of Sections 11, 12, 14, or 15 of this Agreement, in addition to all such other rights and remedies that may be available to Kimberly-Clark, Employee agrees to pay Kimberly-Clark liquidated or stipulated damages of $1,000 for each such incident of breach, together with the reasonable attorneys' fees and costs incurred by Kimberly-Clark in relation to enforcing Employee's obligations. Kimberly-Clark's rights under this Section 16 shall be in addition to, and not in lieu of any other rights it may possess, including without limitation the right to withhold the payments described above in Section 2(c)(ii) in the event of a breach by Employee of his obligations under this Agreement, and such withheld payments shall not reduce or offset the stipulated damages provided under this Section 16.

17.   **CHOICE OF FORUM AND GOVERNING LAW**.   This Agreement shall be governed in all respects by the substantive laws of the State of Arkansas without regard to conflict of law provisions. Employee agrees that any claim or dispute Employee may have against Kimberly-Clark or the Released Parties that is released by, or relates to the enforceability of this Agreement must be resolved by a court located in Pulaski County, Arkansas or the United States District Court for the Eastern District of Arkansas, and Employee agrees to submit to the personal jurisdiction of such courts for the purpose of litigating all such claims or disputes.

18.   **SEVERABILITY**.   The provisions of this Agreement are severable, and if any part of this Agreement is found by a court of law to be unenforceable, the remainder of this Agreement will continue to be valid and effective.

19.   **ENTIRE AGREEMENT**.   This Agreement sets forth the entire agreement between Employee and Kimberly-Clark. Any prior agreements between or directly involving Employee and any of the Released Parties are superseded by the terms of this Agreement and thus are rendered null and void. Notwithstanding, all agreements between Employee and any of the Released Parties related to inventions, business ideas, confidentiality of corporate information, nonsolicitation of employees or customers and/or noncompetition remain intact.

20.   **NO OTHER PROMISES**.   Employee affirms that the only consideration for Employee signing this Agreement is that set forth in Paragraph 2, that no other promise or agreement of any kind has been made to or with Employee by any person or entity to cause Employee to execute this document, and that Employee fully understands the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

21.   **EFFECTIVE DATE**.   Employee acknowledges that Employee has been advised by an attorney of his choosing before signing this Agreement and that Employee has been represented by a counsel of his choosing during the negotiation of this Agreement. Employee further acknowledges that Employee has been given a reasonable period from the time that Employee received this Agreement to consider whether to sign it.

This Agreement will become effective and irrevocable, subject only to the Court's approval of the parties' settlement, upon Employee's signing and returning it to Kimberly-Clark's counsel of record in the Pending Action, with the date of such return being the Effective Date of the Agreement.

22.    **SIGNATURE**.  This Agreement may be signed in counterpart and/or through the use of electronic signatures without affecting its binding nature or effectiveness.

23.    **LEGALLY BINDING AGREEMENT**.  Employee understands and acknowledges that (a) this is a legally binding release; (b) by signing this Agreement, Employee is barred from instituting claims against the Released Parties to the extent set forth in Paragraph 5 above; and (c) this Agreement is final and binding.

24.    **REPRESENTATION AND WARRANTY OF UNDERSTANDING**.  By signing below, Employee represents and warrants that Employee: (a) has carefully read and understands the terms of this Agreement; (b) is entering into this Agreement knowingly, voluntarily and of Employee's own free will; and (c) understands its terms and significance and intends to abide by its provisions without exception.

**Kimberly-Clark Corporation**

Brandon Rooney

By: _____

Its: President, North America Baby & Child Care

05/07/2019
Date

May 10, 2019
Date

20478961.1

7