# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**BRANDON ROONEY, individually and on
behalf of others similarly situated**                                          **PLAINTIFF**

**V.**                                          **4:18CV00534 JM**

**KIMBERLY-CLARK CORPORATION**                                          **DEFENDANT**


## <u>ORDER</u>

Pending is the joint motion for approval of FLSA settlement and motion for dismissal of

the lawsuit. Plaintiff filed suit seeking overtime pay for all hours worked in excess of forty (40)

hours per week which the Defendant allegedly failed to pay Plaintiff during his employment. The

parties seek the Court's approval of the settlement executed by the Defendant and Plaintiff on his

own behalf.

The Court notes that the law is unclear in the Eighth Circuit as to whether judicial

approval of a proposed private release of FLSA claims is required in all cases before dismissal.

*See Melgar v. OK Foods, et al,* 902 F.3d 775, 779 (8th Cir. 2018). While the Court could decline

to review the proposed settlement and enter a general dismissal without prejudice, or direct the

parties to simply stipulate to dismissal, doing so would leave the parties in an uncertain position.

Therefore, the Court will review the proposed settlement for fairness. *See Melgar v. OK Foods,*

*et al,* Case No. 2:13CV02169, 2017 WL 10087890, *1 (W.D. Ark. Jan. 26, 2017); *King v.*

*Raineri Construction, LLC*, Case No. 4:14-CV-1828 (CEJ), 2015 WL 631253, *1 (E.D. Mo. Feb.

12, 2015).

A district court may only approve a settlement agreement and enter a judgment that

includes a waiver of FLSA claims after it determines that the litigation involves a bona fide

dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n.8 (11th Cir. 1982). A review of the Plaintiff's complaint shows that there is a bona fide dispute as to the amount of wages paid to the Plaintiff. In determining whether a settlement is fair and reasonable under the FLSA, the court may consider factors including the stage of the litigation and the amount of discovery exchanged, the experience of counsel, the probability of success on the merits, any "overreaching" by the employer in the settlement negotiations, and whether the settlement was the product of an arm's length negotiations between the parties based on the merits of the case. *Carrillo v. Dandan Inc.*, 51 F. Supp. 3d 124, 132–33 (D.D.C. 2014) (taking into account the "totality of the circumstances" to determine the fairness of an FLSA settlement).

On the merits, the parties' agreement is fair, reasonable and adequate. *In re Flight Transp. Corp. Securities Litigation*, 730 F.2d 1128, 1135 (8th Cir. 1984). The settlement appears to be the product of arm's length negotiations and adequately compensates the Plaintiff for his claims. Further, the attorneys' fees appear reasonable. The Joint Motion for Order Approving Settlement and Entry of Final Judgment Dismissing Lawsuit With Prejudice (ECF No. 23) is GRANTED. The Court will retain jurisdiction of the case for sixty (60) days to resolve issues related to the settlement, if necessary.

IT IS THEREFORE ORDERED that this action is dismissed with prejudice. The Clerk is directed to close the case.

DATED this 3rd day of June, 2019.

_____
James M. Moody Jr.
United States District Judge